UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TORMU E. PRALL, Plaintiff,

v. CA 10-16 S

CHRISTOPHER R. BUSH; JOHN DOES 1-99 a/k/a UNKNOWN NAMED PROVIDENCE POLICE OFFICERS, Defendants.

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit (Document ("Doc.") #4) ("Application to Proceed without Prepayment of Fees" or "Application") filed by Plaintiff Tormu E. Prall ("Plaintiff" or "Prall").[1] Because I conclude that the Application should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in

---

[1] 28 U.S.C. § 1915 provides in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

**Facts and Travel**

Plaintiff alleges the following. In August of 2008, warrants were issued for his arrest because the North Kingstown and Providence police believed him to be a suspect in an August 2 and 3, 2008, vehicle theft, assault, and/or first degree robbery. Complaint ¶ 7. On July 30, 2009,[2] Prall filed a petition for writ of habeas corpus ("Petition") in this Court, challenging any future confinement "in connection with the vehicle theft, assault, and robbery detainers, indictments, informations, or complaints lodged against him in RI." Id. ¶ 7(a). Subsequently, Prall submitted a motion and declaration seeking dismissal of the assault and robbery charges, stating:

> 1. The so[-]called victim, Melissa Padget, who is [P]laintiff's romantic lover, gave [P]laintiff her word that she would not be pursuing any assault and robbery charges against the [P]laintiff.
> 2. Law Enforcement Officials tried to turn Ms. Padget against the [P]laintiff, but Ms. Padget promised [P]laintiff that she will never turn against him.

Id. ¶ 7(b). Plaintiff further alleges that "[s]hortly after the Motion [to dismiss the assault and robbery charges] was filed, something real oppressive happened," Id. ¶ 7(d), specifically

[2] The Court received and docketed Prall's petition for writ of habeas corpus ("Petition") on August 13, 2009. See Docket in CA 09-366 S.

that Ms. Padget informed Plaintiff that "[s]he was threatened by Providence Police Officials that they would lock her up if she didn't pursue the assault and robbery charges against the [P]laintiff," id. "On November 16, 2009, Defendant [Christopher] Bush[] ["Defendant Bush"] appeared for RI[] and filed a Motion to Dismiss [P]laintiff's Habeas Petition." Id. ¶ 7(e). According to Plaintiff:

> From October of 2008, [P]laintiff and Ms. Padget communicated without any hardship or oppression from state officials that would tend to disturb, interfere with, or create a[n] obstacle to their relationship. But as soon as [P]laintiff filed a Motion to Dismiss the assault and battery charges, Defendant Bush and Staff in the RI Department of Attorney General (DAG) played a debased role and became the instigators of, partners in, or creative brain behind subparagraph (d).

Id. ¶ 7(f).

On January 15, 2010, Plaintiff filed the instant Complaint (Doc. #1), see Docket, alleging that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, see Complaint at 4. The Complaint contains three counts, alleging extortion (Count I), bribery (Count II), and obstruction of justice (Count IV). See Complaint at 3-4. Plaintiff further alleges that these activities affected interstate commerce (Count III). See id. at 4. Plaintiff seeks a declaration that Defendants have violated RICO, an order restraining Defendants from further unlawful action, and any other relief which the Court deems just and proper. Id.

**Pro Se Status**

Plaintiff is proceeding pro se, and his Complaint is held to a less stringent standard than one drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 652 (1972). It is to be "read ... with an extra degree of solicitude." Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991). A court is required to liberally construe a pro se complaint. See Strahan v. Coxe, 127 F.3d 155, 158 n.1 (1st Cir. 1997); Watson v. Caton, 984 F.2d 537, 539 (1st Cir. 1993). At the same time, a plaintiff's pro se status does not excuse him from complying with procedural rules. See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 24 n.4 (1st Cir. 2000). The Court construes Plaintiff's Complaint liberally in deference to his pro se status.

**Discussion**

RICO "provides a private civil action to recover treble damages for injury 'by reason of a violation of' its substantive provisions." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 481, 105 S.Ct. 3275 (1985)(quoting 18 U.S.C. § 1964(c)). To sustain a civil RICO claim under § 1962,[3] a plaintiff must allege each of

---

[3] Plaintiff alleges that this Court has jurisdiction pursuant to 18 U.S.C. §§ 1961, 1962. Section 1961 contains definitions of terms used in the RICO statute. See 18 U.S.C. § 1961. Section 1961 provides, in relevant part:

> (1) "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery,

the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, 473 U.S. at 496 (footnote omitted); see also North Bridge Assocs., Inc. v. Boldt, 274 F.3d 38, 42 (1st Cir. 2001)(same); Lares Group, II v. Tobin, 47 F.Supp.2d 223, 229 (D.R.I. 1999). The Court finds that Plaintiff's RICO claim should be dismissed for the following reasons.

First, "the complaint does not allege a RICO conspiracy with sufficient particularity." Moore v. Guesno, 485 F.Supp.2d 300, 309 (W.D.N.Y. 2007); see also Worthy v. Thornton, 172 F.3d 51, 1998 WL 939889, at *2 (6th Cir. Dec. 22, 1998)(unpublished table decision, text in Westlaw)("[C]onspiracy claims must be pled with some degree of specificity.")(quoting Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987))(alteration in original). In

---

> bribery, extortion ...; (B) any act which is indictable under any of the following provisions of title 18, United States Code: section 201 (relating to bribery) ..., section 1341 (relating to mail fraud), section 1343 (relating to wire fraud) ..., section 1503 (relating to obstruction of justice) ....
>
> ....
>
> (4) "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity;
> (5) "pattern of racketeering activity" requires at least two acts of racketeering activity ....
>
> ....

18 U.S.C. § 1961.

Count I, Plaintiff alleges that "Defendants Bush, Unknown Named Providence Police Officers, and Staff in the DAG ... conspired with, and aided and abetted each other to deprive [P]laintiff out of his intangible, non-property rights to the honest services of public officials." Complaint at 3. He does not state how Defendant Bush, the Unknown Named Providence Police Officers ("Providence Police Defendants")(collectively "Defendants"), and the staff at the DAG "conspired with," id., or "aided and abetted each other," id. In Count II, Plaintiff's allegations are similarly vague: "Defendants Bush, Unknown Named Providence Police Officers, and Staff in the DAG solicited the help of each other to gain entrance to or to maintain or increase position in, and to profit from, lawlessness." Complaint at 3-4. Plaintiff does not state specifically how Defendants "solicited the help of each other," id. at 4, in order to "profit[] from lawlessness," id. Count III alleges that "[t]he Enterprises (DAG and PPD[4]) through which the illegal conduct occurred, sent and received mail and electronic communications, and individuals travel[]ed those Enterprises, to and from foreign countries and other states." Id. Plaintiff fails to specify what was in the mail and electronic communications, who sent them, when they were sent, what travel occurred, when it occurred, who traveled, or what foreign countries and other states were involved. See id.

---

[4] Presumably "PPD" stands for Providence Police Department.

In Count IV, Plaintiff claims that "[o]bstruction of [j]ustice was committed when Defendants Bush, Unknown Named Providence Police Officers, and Staff in the DAG ... conspired with, and/or aided and abetted each other to: 1. Threaten [P]laintiff's witness (Ms. Padget) to indirectly influence or impede [P]laintiff's endeavors to guard, enforce, and protect his rights in RI Federal District Court." Id. Again, no description of how Defendants "conspired with, and/or aided and abetted each other," id., is included in the Complaint. In addition, Plaintiff alleges that "Defendant Bush and Staff in the RI Department of Attorney General (DAG) played a debased role and became the instigators of, partners in, or creative brain behind subparagraph (d)," Complaint ¶ 7(f), i.e., the alleged threat to Ms. Padget, but does not state how Defendant Bush or staff at the DAG became instigators, partners in, or creative brain behind said threat.

Although the Court "give[s] plaintiffs the benefit of the doubt in reviewing a complaint's sufficiency ... [e]ven under the modern notice pleading regime,[5] a plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery

[5] Federal Rule of Procedure 8(a)(2) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

under some actionable legal theory." Arroyo-Santiago v. Garcia-Vicario, 187 F.3d 621, 1999 WL 551294, at *4 (1st Cir. July 28, 1999) (unpublished table decision, text in Westlaw)(internal quotation marks omitted). Plaintiff's Complaint "falls well short of stating a valid claim because it is devoid of any factual allegations supporting [his] claims of a criminal conspiracy." Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2nd Cir. 1999); see also Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980)(noting that plaintiff's complaint "neither elaborates nor substantiates its bald claims that certain defendants 'conspired' with one another"); Johnson v. Reese, Civil Action No. 2:08-CV-830-TMH, 2008 WL 5111200, at *4 (M.D. Ala. Dec. 3, 2008)(noting that "merely 'stringing together' acts, without showing parties 'reached an understanding' to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy" and stating that "[o]ther than his suppositious allegation, [the plaintiff] presents nothing, nor can this court countenance any evidence, which would indicate that the defendants entered into a conspiracy to deprive [the plaintiff] of his constitutional rights")(quoting Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992)); Dozier v. Price, Civil Action No. 2:08cv762-WHA, 2008 WL 4808857, at *4 (M.D. Ala. Oct. 31, 2008) (noting that "assertions made by [the plaintiff] are self serving, purely conclusory allegations that fail to assert those

material facts necessary to establish the existence of a conspiracy between the defendants"). Therefore, the Complaint should be dismissed for failure to state a claim. See 28 U.S.C. § 1915(e)(2);[6] see also Slotnick, 632 F.2d at 165 ("Though we are mindful that pro se complaints are to be read generously, allegations of conspiracy must nevertheles be supported by material facts, not merely conclusory statements.")(internal citation omitted); Johnson, 2008 WL 5111200, at *4 ("A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations."); Moore, 485 F.Supp.2d at 309 ("The allegations are insufficient to state a conspiracy claim under RICO.").

Second, Plaintiff's allegations do not meet the requirements to sustain his civil RICO action. "By statute, a successful RICO plaintiff seeking to establish a pattern must show at least two predicate acts of 'racketeering activity,' conduct that includes mail and wire fraud. In addition, the plaintiff must demonstrate

---

[6] In relevant part, 28 U.S.C. § 1915(e) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) **is frivolous or malicious**;
> (ii) **fails to state a claim on which relief may be granted**; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

that the 'predicates are related, *and* that they amount to or pose a threat of continued criminal activity.'" North Bridge Assocs., 274 F.3d at 42 (quoting Efron v. Embassy Suites (P.R.), Inc., 223 F.3d 12, 15 (1st Cir. 2000))(internal citation omitted).

Plaintiff alleges that "[t]he Enterprises (DAG and PPD) through which the illegal conduct occurred, sent and received mail and electronic communications ...." Complaint at 4. However, he "offer[s] nothing to show that this group of participants ever functioned as an ongoing RICO organization." Stachon v. United Consumers Club, Inc., 229 F.3d 673, 676 (7th Cir. 2000); Gaskins v. Santorum, 324 Fed.Appx. 147, 149 (3rd Cir. 2009)("[I]t is not sufficient 'to allege mere elements of a cause of action; instead, "a complaint must allege facts suggestive of [the proscribed] conduct."'")(quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008))(second alteration in original). Moreover, the only conduct to which Plaintiff specifically refers is the alleged threat to his witness, Ms. Padget, that "they would lock her up if she didn't pursue the assault and robbery charges against [him]." Complaint ¶ 7(d). Although presumably this occurred by telephone, see id. ("She was afraid to answer her phone because she didn't want to pick up and the caller was another Providence Police Official scaring her up."), and Plaintiff states that Ms. Padget "informed [P]laintiff of the illegal conduct through the mail and electronic

communications ...," id. at 4, Plaintiff has provided "no description of any time, place[,] or content of the communication," Curtis v. Duffy, 742 F.Supp. 34, 38 (D. Mass. 1990). He has, at most, "merely stated conclusory allegations of mail and wire fraud ...."[7] Id. Thus, the Complaint "fails adequately to plead mail fraud or any other kind of fraud." Id. Additionally, Plaintiff's allegations that communications were sent and received by mail and electronic means, see Complaint at 4, and that individuals traveled "to and from foreign countries and other states," id., are not enough to demonstrate an impact on interstate commerce, see Moore, 485 F.Supp.2d at 309 ("Plaintiffs also have not alleged the requisite impact on interstate commerce sufficient to state a claim under RICO. Plaintiffs' complaint does not allege even a *de minimus* impact on interstate or foreign commerce.")(internal citation omitted).

Further, the Complaint "simply does not make specific factual allegations from which [the Court] can conclude that [D]efendants consciously agreed to commit predicate acts," id. (quoting Naso v. Park, 850 F.Supp. 264, 275 (S.D.N.Y. 1994)). The lone example of conduct, which, if read generously, could constitute a predicate act, is insufficient to show a pattern of racketeering activity or that such activity was likely to

[7] "The complaint in a civil RICO case must comply with the requirement of Fed. R. Civ. P. 9(b) that fraud be pleaded with particularity." Curtis v. Duffy, 742 F.Supp. 34, 38 (D. Mass. 1990).

continue. See Curtis, 742 F.Supp. at 39 (noting that complaint described a single transaction and that plaintiffs' unsupported allegation that defendants' conduct was part of a general scheme "falls far short of an adequate description of a RICO pattern"). Thus, Plaintiff's allegations are insufficient to state a claim under RICO. Accordingly, the Complaint should be dismissed on this basis. See North Bridge Assocs., 274 F.3d at 42; see also Tapia, 185 F.3d at 11 ("The complaint's conclusory, vague, and general allegations of a criminal conspiracy do not ... suffice to establish that the defendants participated in a pattern of racketeering activity as prohibited by RICO.")(internal citation and quotation marks omitted); Gaskins, 324 Fed.Appx. at 149; Moore, 485 F.Supp.2d at 309.

Third, "18 U.S.C. § 1964 imposes a standing requirement: in order to seek a civil remedy for a RICO violation, a plaintiff must show that the RICO violation proximately caused an **injury to his business or property**." Keel v. Schwarzenegger, No. CV 08-07591-RMT (VBK), 2009 WL 1444644, at *5 (C.D. Cal. May 19, 2009) (bold added); see also Wilson v. Kernan, No. CIV S-07-0352 MCE EFB P., 2008 WL 4754761, at *1 (E.D. Cal. Oct. 28, 2008)("A person may seek civil remedies for a RICO violation if he has suffered an injury to his business or property as a result of the violation. ... The injury requirement of § 1964(c) is what confers standing to sue on an individual plaintiff."). "To have

standing under § 1964(c), a civil RICO plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property, and (2) that his harm was 'by reason of' the RICO violation, which requires plaintiff to establish proximate causation." Keel, 2009 WL 1444644, at *5; see also Lares Group, II v. Tobin, 47 F.Supp.2d at 229 ("In addition to establishing a violation of § 1962, a RICO plaintiff must prove both factual and proximate causation between the racketeering and a legally-cognizable injury.").

Plaintiff has not alleged injury to his business or property. Instead, he specifically states in Count I of his Complaint that Defendants, as well as staff in the Department of the Attorney General,[8] "conspired with, and aided and abetted each other to deprive [P]laintiff out of his **intangible, non-property rights** to the honest services of public officials." Complaint at 3 (bold added). Counts II-IV do not mention injury to property or business. See Complaint at 3-4. Accordingly, because Plaintiff has not alleged injury to his property or business, the Court finds that he does not have standing to sue under § 1962 of RICO and that the Complaint should be dismissed. See Willis v. Stamps, 297 Fed.Appx. 381, 382 (2nd Cir. 2008) (unpublished opinion)("[the plaintiff's] allegations, if true, do

[8] Plaintiff does not name as defendants any staff in the Department of the Attorney General other than Defendant Bush.

not reflect that he was a person injured in his business or property by reason of a violation of [RICO].")(second alteration in original)(internal quotation marks omitted); Wilson, 2008 WL at *1 (noting that plaintiff "does not allege that he has suffered any injury to his business or property"); see also 18 U.S.C. § 1964(c).

Fourth, the Complaint is subject to dismissal as frivolous or malicious. See 28 U.S.C. § 1915(e)(2)(B)(i); see also Ashby v. Park Nicollet Health Servs., Civil No. 08-4692 (JRT/FLN), 2008 WL 3911805, at *1 (D. Minn. Aug. 18, 2008)("An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that is found to be 'frivolous or malicious.'")(quoting 28 U.S.C. § 1915(e)(2)(B)(i)); Pierson v. Shelton, No. 1:07-CV-708-MHT, 2007 2710407, at *1 (M.D. Ala. Sept. 13, 2007) ("Malicious suits are abusive of the judicial process and are not permissible under 28 U.S.C. § 1915(e)(2)(B)(i)."); Ashby, 2008 WL 3911805, at *1 ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)."). The events about which Plaintiff complains are clearly related to his Petition for writ of habeas corpus. Plaintiff makes the same allegations in his Petition and/or motion to dismiss the assault and robbery charges, namely that in August of 2008 a warrant was issued against Plaintiff by

Providence and/or North Kingstown police based on suspicion of assault, robbery, and vehicle theft; that Ms. Padget, Plaintiff's girlfriend/lover would not press assault and robbery charges against Plaintiff; and that she was threatened if she did not pursue those charges. Compare Complaint at 2-3 with Petition (Doc. #1 in Prall v. Attorney General, CA 09-366 S) ¶ 5; Motion to Dismiss the Assault and Robbery Charges (Doc. #4 in Prall v. Attorney General, CA 09-366 S), Attachment (Declaration of Tormu E. Prall) ¶¶ 2-3. Thus, the Complaint should be dismissed on this basis as well. See Ashby, 2008 WL 3911805, at *1 ("[U]nder 28 U.S.C. § 1915, district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party.")(quoting Aziz v. Burrows, 976 F.2d 1158 (8th Cir. 1992))(internal quotation marks omitted); Pierson, 2007 WL 2710407, at *1 ("an *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier action is due to be dismissed under 28 U.S.C. § 1915") (citing Bailey v. Johnson, 846 F.2d 1019)(5th Cir. 1988)).

In summary, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted because it does not allege a RICO conspiracy with sufficient particularity, does not adequately plead a RICO civil action, and does not allege that the RICO violation caused an injury to Plaintiff's business or property. The Court also finds that the Complaint is

frivolous or malicious in that it duplicates issues raised in Prall v. Attorney General, CA 09-366 S. I therefore recommend that the Application be denied and the action dismissed pursuant to U.S.C. § 1915(e)(2).

**Conclusion**

For the reasons stated above, I recommend that Plaintiff's Application be denied and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
February 11, 2010